Howe *v.* Potter.

---

New trial granted.

[First Department, General Term, at New York, January 1, 1872. *Ingraham*, P. J., and *Cardozo*, Justice.]

———— • ◦ • ————

### Howe *vs.* Potter and others.

When a draft is an accommodation one—that is, lent without consideration—it has no validity till it reaches the hands of a *bona fide* holder for value; and if the first transfer of it be tainted with usury, the paper will be void in the hands of any subesquent holder.

But these rules have no application to a case where there was a consideration for the draft sued on, when it was first issued, and the transaction was not one which made the transfer to the plaintiff a usurious one.

Where, in an action upon a draft, the defendants claim that there was a misrepresentation as to the value of the property forming the consideration, and that therefore they offered to return it, and demanded back the draft, that does not make out a case of a draft given without any consideration, as a mere accommodation. On the contrary, it shows there was some consideration; and when that is so, a *bona fide* purchaser, no matter what sum he gives for it, may recover.

Howe *v.* Potter.

APPEAL by the defendants from an order made at a special term, denying a motion for a new trial, in an action upon a draft, brought by the holder, against the maker.

*By the Court,* CARDOZO, J.    The counsel for the appellants seeks to apply to this case the rule which would obtain if the draft upon which action was brought were an accommodation one, that is, lent without consideration. In such a case, of course, the rule is familiar, that the paper has no validity till it reaches the hands of a *bona fide* holder for value; and that if the first transfer of it be tainted with usury, the paper will be void in the hands of any subsequent holder.    But those rules have no application to this case.    Here there was a consideration for the draft when it was first issued.    It was not lent paper at all. The defendants claim that there was a misrepresentation as to the value of the property, and that therefore they offered to return it, and demanded back the draft.    But that does not make out the case of a draft given without any consideration, as a mere accommodation.    On the contrary, it shows there was some consideration; and when that is so, a *bona fide* purchaser, no matter what amount he gives for it, may recover.    The transaction here, is not one which made the transfer to the plaintiff a usurious one; and therefore the order below was right, and should be affirmed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, January 1, 1872. *Ingraham,* P. J., and *Cardozo,* Justice.]